UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

COLUSA MUSHROOM, INC.,                         No. 05-12180

                             Debtor(s).
_____/

RICHARD K. SCHULTZE, et al.,

                             Plaintiff(s),

             v.                                   A.P. No. 11-1118

DAVID N. CHANDLER, SR., et al.,

                             Defendant(s).
_____/

Memorandum re Jurisdiction
_____

       Defendant David N. Chandler, Sr., was the attorney for the Official Creditors Committee in the Chapter 11 proceedings commenced by debtor Colusa Mushroom, Inc., in 2005. Chandler's employment was approved by the court pursuant to § 1103(a) of the Bankruptcy Code.

       Plaintiffs Richard K. Schultze, et al., were members of the Official Creditors Committee. They commenced action against Chandler and his professional corporation in state court for malpractice. They allege that Colusa's plan of reorganization called for the sale of its business to a third party with the bankruptcy estate taking back a note for part of the purchase price. The note was to be secured by the business. They allege that Chandler had a duty to make sure the security interest was properly perfected, that he failed to do so, and as a result the note was rendered worthless. Chandler has

1

1 | removed the action to this court.

2 | Plaintiffs have filed a lengthy brief objecting to the jurisdiction of the court. Mixed into their
3 | argument are issues as to core or non-core status, abstention, and the merits of possible defenses
4 | Chandler may have. The court now only addresses the jurisdiction and core status issues.

5 | Plaintiff's central position, that the federal courts have no jurisdiction over this matter, is
6 | without any basis in the law. If a malpractice action is directed against a professional appointed by a
7 | bankruptcy court, there is federal jurisdiction over the matter and it is treated as a core proceeding.
8 | *Walsh v. Northwestern National Ins. Co.,* 51 F.3d 1473, 1476 (9th Cir. 1995); *Baker v. Simpson*, 613
9 | F.3d 346, 350 (2nd Cir. 2010); *Matter of Southmark Corp.,* 163 F.3d 925, 932 (5th Cir.1999). *In re Com*
10 | *21,* 2005 WL 1606357*7 (N.D. Cal. 2005)["the court concludes that the malpractice action by the
11 | trustee against bankruptcy counsel for the debtor-in-possession is a core proceeding and subject to the
12 | jurisdiction of the bankruptcy court with respect to both disgorgement and damages."] In such cases,
13 | the malpractice claims are inseparable from the bankruptcy context. *Southmark,* 163 F.3d at 931.

14 | The Official Creditors Committee is strictly a creation of a federal statute. The liability of
15 | court-appointed counsel to the committee or its members is an issue which, by its very nature, can only
16 | arise in a bankruptcy context. The federal courts have a compelling interest in insuring that counsel
17 | are not discouraged from representing creditors committees for fear of unreasonable liability,
18 | especially when their compensation has already been subject to federal adjudication. Accordingly,
19 | plaintiffs' motion to remand for lack of jurisdiction will be denied. The court will consider abstention
20 | only after all federal issues of law have been resolved.

21 | Counsel for defendants shall submit an appropriate form of order.

22 | Dated: June 9, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge